**Burton C. BOVARD, Appellant,**

v.

**Philip YOUNG, individually and as Chairman, United States Civil Service Commission, et al., Appellees.**

**No. 14660.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 24, 1959.

Decided March 19, 1959.

Mr. Ferdinand J. Mack, Washington, D. C., with whom Mr. Arthur J. Hilland, Washington, D. C., was on the brief, for appellant.

Mr. Donald B. MacGuineas, Attorney, Department of Justice, with whom Asst. Atty. Gen. George C. Doub and Mr. Samuel D. Slade, Attorney, Department of Justice, were on the brief, for appellees. Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., also entered appearances for appellees.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court dismissing plaintiff's (appellant's) complaint against the members of the Civil Service Commission and the Administrator of the Federal Housing Administration. Plaintiff sought restoration to his office as General Counsel of

that Administration, claiming that his removal was illegal and void.

While the suit was pending in the District Court, two of the defendant Civil Service Commissioners resigned from the Commission and their successors were not substituted as parties within six months after taking office, as required by Fed.R.Civ.P. 25(d), 28 U.S.C.A.[1]

Defendants (appellees) filed a motion to dismiss the case as abated for failure to comply with the above rule or, in the alternative, for summary judgment on the ground that there was no genuine issue of fact and therefore defendants were entitled to judgment as a matter of law. Thereupon, plaintiff filed a motion to join as defendants the new members of the Commission, and, as well, filed a cross motion for summary judgment.

Without passing on the motion to dismiss for failure to substitute parties, the court proceeded to hear the motions for summary judgment on the merits and, after argument, entered the order appealed from, denying plaintiff's motion for summary judgment, denying plaintiff's motion to join parties, granting defendants' motion for summary judgment and dismissing the complaint.

We have, since the decision of the District Court, and on November 13, 1958, decided an identical case, Hicks v. Summerfield, 104 U.S.App.D.C. ——, 261 F.2d 752, in which we affirmed the action of the District Court in dismissing the complaint in that case because of failure to join the two new members of the Civil Service Commission, saying:

"We believe that under the circumstances of this case the Civil Service Commissioners were indispensable parties to the suit and, they not being before the court, the action was properly dismissed. Cf. Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Benenati v. Young, 1955, 95 U.S.App. D.C. 120, 220 F.2d 383." 261 F.2d at pages 753–754.

Plaintiff attempts to avoid the effect of Rule 25(d) by seeking to add the new Commissioners under Rule 21. That rule has no application whatsover to substitution of successor government officials as parties; and plaintiff's interpretation of that rule would read Rule 25(d) out of the Federal Rules of Civil Procedure.

The case will be remanded to the District Court with instructions to dismiss the complaint for failure to substitute successor parties.

We intimate no opinion as to the several motions for summary judgment.

Remanded.

1. "When an officer of the United States, or of the District of Columbia, the Canal Zone, a territory, an insular possession, a state, county, city, or other governmental agency, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. * * *"

Fed.R.Civ.P. 6(b) provides that the court may not extend the time for taking action under Rule 25.