**In the Matter of Bert Kenneth KANEWSKE.**

**No. 45658.**

United States District Court
N. D. California.

Nov. 4, 1966.

Lloyd E. McMurray, McMurray & Tepper, San Francisco, Cal., for Bert Kenneth Kanewske.

Cecil F. Poole, U. S. Atty., with Elmer Collett, Asst. U. S. Atty., for the Government.

## ORDER

WOLLENBERG, District Judge.

Petitioner is presently confined in the Naval brig at Portsmouth, New Hampshire, pursuant to a judgment of a court martial for refusal to don brig clothing and for refusal to inventory his seabag when ordered to do so.[1] At the time this petition for a writ of habeas corpus was filed, petitioner was imprisoned at the Naval base at Treasure Island, California. His original sentence of three years at hard labor has been reduced to 18 months imprisonment at hard labor.

Petitioner voluntarily *enlisted* into the United States Navy on June 18, 1965. On December 2, 1965, petitioner filed an application to be discharged from the Navy as a conscientious objector pursuant to Bupers Inst. 1616.6. Petitioner's application was sent to the Director of Selective Service pursuant to Art. C. 5210(2) (4) (d) of Bupers Manual, Department of Defense Directive 1300.6, set out below.[2] By letter dated January

---

1. The transcript of the court martial is before this Court marked Exhibit A.

2. Part III. Par. B. "Consistent with this national policy bona fide conscientious objection by persons who are members of the armed forces will be recognized to the extent practicable and equitable."
   Part III. Par. F. "The Standards used by the Selective Service System in determining 1–O or 1–A–O classification of draft registrants prior to induction are considered appropriate for application to cases of servicemen who claim conscientious objection after entering military service * * * "
   Part III. Par. G. "In order to insure the maximum practicable uniformity among the services and between members of the same service, an advisory opinion by the Selective Service that a

3, 1966, the Director of Selective Service informed the Chief of Naval Personnel to the effect that petitioner's request for discharge and supporting documents did not meet requirements under Selective Service regulations to warrant classification as a conscientious objector. On January 28, 1966, petitioner's request was disapproved by the Navy and he was so notified.

After his application for discharge had been denied, petitioner, on March 28, 1966, surrendered to the Naval authorities at Treasure Island, California, as a result of his remaining absent without authorization. While in custody, he filed a petition for a writ of habeas corpus in this court (Exhibit B), Civil No. 45235, on June 10, 1966. On June 29, 1966, he was charged with the aforementioned refusals to obey orders. On July 8, 1966, this Court issued its order dismissing the action previously filed on June 10, 1966. "Finding of Fact IV" of that order states: "Respondents have followed and complied with provisions of applicable directives of the Department of Defense and Articles of the Manual of the Bureau of Naval Personnel in according petitioner full opportunity to submit his request and in the disposition thereof. The record contains a full and adequate statement of evidence upon which the Secretary of the Navy could base his finding that the petitioner is not entitled to a discharge as a conscientious objector." (Exhibit B, p. 3).

On July 18, 1966, petitioner was convicted by a court martial on the aforementioned charges. During the course of the court martial, it was stipulated between independent counsel (petitioner's counsel) and trial counsel (prosecutor) that petitioner "does have conscientious scruples against serving in the military." (Transcript, p. 139, Exhibit B).

In this present petition for a writ of habeas corpus, the question of whether or not petitioner is a conscientious objector is not in issue, for that issue was

determined in this Court's previous order denying the earlier petition. (Exhibit B). It is now claimed by petitioner that since there were procedural defects in the denial of his petition for discharge which amount to a denial of due process of law, the court martial lacked jurisdiction over him, and thus a writ of habeas corpus should issue to discharge him from the custody of the brig, and also from the Navy.

■ Petitioner contends that since he was not given a hearing on his petition for discharge, he was denied due process of law. This point is not well taken. He relies mainly on cases arising under § 11 of the Selective Service and Training Act of 1940 (54 Stat. 894, 50 U.S.C.App. § 311), which hold that failure to follow the procedures outlined in the Act vitiate convictions for refusing to submit for induction. See, e. g., United States v. Zieber, 161 F.2d 90 (3d Cir. 1947); Niznik v. United States, 184 F.2d 972 (6th Cir. 1950); United States v. Stiles, 169 F.2d 455 (3d Cir. 1948). These cases are easily distinguishable from the instant one. Here, no allegation has been made that the procedures outlined in the aforementioned Defense Department Directive have not been followed. Petitioner's application for discharge was sent through the channels provided for in the Directive. Thus, there is no merit to this contention.

■ Petitioner's next contention, that he was denied due process of law by the use of an advisory opinion of the Director of Selective Services in accordance with the Directive, is equally without merit. Petitioner cites United States ex rel. Levy v. Cain, 149 F.2d 338 (2nd Cir. 1945) in support of his contention that for the Secretary of the Navy to so delegate his authority to the Director of Selective Service is to deny petitioner due process. In the Levy case, supra, the Second Circuit held that by delegating certain questions to a panel of experts, the local draft board departed from its

---

classification of 1–O is appropriate will normally be a requisite for discharge or release of members with less than two

years active service based on conscientious objection."

*statutory* duties, and thus its action was void. Here, the only statutory procedure to be followed is that outlined in the Directive, which provides for a preliminary opinion by the Director of Selective Service as to whether or not an applicant would be entitled to conscientious objector status. Moreover, petitioner concedes that the Secretary of Defense has authority to promulgate such a directive and that it has the force of law. See, Royal Standard Insurance Company v. McNamara, 344 F.2d 240 (8th Cir. 1965). In light of this concession of authority, it is difficult to find any merit to petitioner's claim and reliance on the *Levy* case.

■ Petitioner's main reliance is placed on a tenuous analogy between his situation and that found in Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1945). In that case, Estep was ordered to report for induction after the local board had denied his claim to be exempted as a minister of religion. He refused to submit to induction. At his trial for wilfully failing and refusing to submit to induction, he attempted to raise as a defense that he had been improperly denied exemption from the service due to the arbitrary actions of the local board. The District Court rejected this defense, and Estep was found guilty by a jury. On certiorari to the Supreme Court, it was held that this defense should have been considered. In essence, *Estep* stands for the proposition that a person cannot be convicted of wilfully refusing to submit to induction if he is in fact *entitled by law* to an exemption, and he was arbitrarily denied that exemption. The Court there found that in arbitrarily denying Estep's claim of exemption, the local board would be acting outside of its jurisdiction, and that its actions would thus be subject to judicial review in an enforcement proceeding in a federal court, despite statutory language to the effect that the decision of the local board would be "final".

By analogy, petitioner herein argues that by arbitrarily denying his request for a discharge from the Navy, the Navy

lost jurisdiction over him, and thus no court martial could be had.

Assuming that the holding in *Estep* applies to the case at bar, a question which we need not reach, petitioner's reliance is misplaced, for petitioner has not shown that he is *entitled* to a discharge under the Department of Defense Directive. In part, the Directive states: " * * * bona fide conscientious objection by persons who are members of the armed forces will be recognized to the extent *practicable and equitable.*" (Emphasis added). This is far different from saying, "Persons who are found to be bona fide conscientious objectors *shall* be discharged from the Navy," as petitioner would have us say.

■■ In our prior order, we found that the respondents had complied with all provisions of the Directive and had accorded petitioner full opportunity to make his request. This finding in itself negatives petitioner's contention that the Secretary of the Navy acted arbitrarily. Moreover, it must be emphasized that petitioner voluntarily enlisted into the armed forces, and thus can be said to have voluntarily submitted to the jurisdiction of the Navy. His rights as such are not the same as one not properly inducted due to a lack of jurisdiction, as was the case in *Estep*. As was said in Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1952), which involved the scope of a civil court's inquiry into court martial proceedings: " * * * the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment." (346 U.S. at 140, 73 S.Ct. at 1048).

Having disposed of petitioner's claim that he was arbitrarily denied a discharge, this Court is of the opinion that the Navy had jurisdiction over petitioner. This being our only function, it is hereby ordered that the order to show cause heretofore issued be discharged, and the petition for a writ of habeas corpus be denied.