Pvt. Felix CHAVEZ, Jr., Plaintiff,

v.

Major General R. G. FERGUSSON, U. S. Army, Commanding General, Fort Ord, California, Defendant.

Civ. No. 46229.

United States District Court, N. D. California.

March 30, 1967.

Francis Heisler, Carmel, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Charles E. Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

MEMORANDUM AND ORDER

OLIVER J. CARTER, District Judge.

Private Felix Chavez, Jr., the plaintiff in this action, enlisted in the United States Army Reserve in June of 1965 for

a period of six years. As part of this obligation, he was required and did report for active duty at Fort Ord, California, on September 10, 1965. At the time he joined the reserve, and when he went on active duty with the Army, he was not a conscientious objector.

At a time subsequent to the commencement of his active duty, the plaintiff alleges that his religious thoughts concerning participation in the Armed Services crystallized to the point where he felt that he was a conscientious objector to war in any form and could no longer be associated in any way with the Army. Following the dictates of this belief, he refused to obey lawful commands given by his superiors and as a result of this insubordination he was court martialed, found guilty, and received a sentence of six months confinement to the Army stockade on November 17, 1965. As of that date he had not applied for any discharge from the Army on the grounds that he was a conscientious objector.

Upon his release from confinement plaintiff prepared Form DA 1049 which requested his discharge from the Army by virtue of his claimed conscientious objector status. On the day these papers were submitted to the defendant, Private Chavez disobeyed lawful orders given to him by his superior. He was then court martialed for a second time and sentenced to an additional six months confinement. While serving this sentence, the plaintiff was notified that the Secretary of the Army, pursuant to AR 635–20, had denied his request for discharge.

Plaintiff was released from the stockade after completing his second sentence and, on December 2, 1966, for the third time, he disobeyed orders and charges were filed against him.

In the proceeding before this Court now the plaintiff has asked for an injunction staying a court martial on the last mentioned charges, and for a declaratory judgment recognizing his status as a conscientious objector thereby entitling him to discharge from the Armed Services. An order to show cause was issued limited to the question of whether an injunction should issue staying the court martial during the pendency of this action. For the reasons stated below, the Court is of the opinion that such relief is inappropriate.

The essence of plaintiff's claim is that he is a conscientious objector; that to court martial him a third time for refusal to obey orders is to place him in multiple jeopardy for a single offense; and that he is not guilty of committing the offense since the commands given him by his superiors were not lawful inasmuch as he is being unconstitutionally detained in the armed forces.

■ In the first place, it has become well established that a Federal Court will not issue a writ of prohibition, or otherwise review the acts of a court martial unless it appears that the military tribunal is acting in excess of its jurisdiction. Smith v. Whitney, 116 U.S. 167, 177, 6 S.Ct. 570, 29 L.Ed. 601 (1885); Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953).

■ The allegations that plaintiff is placed in multiple jeopardy, that he has been entrapped by the defendant, and that the orders directed to him were unlawful—whatever their merit—do not meet the question of the jurisdiction of the Army to court martial plaintiff. Clearly, plaintiff has the right, and in fact the duty, to raise these grounds at his trial if he considers them to be meritorious. However, to do so now in this injunction proceeding is premature and misplaced.

■ No authority has been advanced by plaintiff for the proposition that the Army lacks jurisdiction to court martial for disobeying orders an enlisted soldier who has made the claim that he is a conscientious objector. In the absence of such authority, this Court can only conclude that the defendant is acting within the scope of his jurisdiction. See In re Kanewske, 260 F.Supp. 521, 524 (N.D. Cal.1966).

■■ With respect to the remainder of plaintiff's complaint in which he asks for a declaratory judgment to the effect

that he is entitled to separation from the military service, this Court believes that it is without jurisdiction to entertain such a matter. The reason is quite simple; the courts should and must stay out of the business of running military affairs. This is the lesson of Orloff v. Willoughby, 345 U.S. 83, 94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953) in which the Supreme Court stated: "Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters."

The power to discharge enlisted members of the Army before their term of service expires is expressly granted to the Secretary of the Army in Section 3811(b) of Title 10 U.S.C. Congress, by this delegation of authority, has recognized that the subject of discharge is a legitimate Army matter. For this reason it matters little whether plaintiff's complaint is treated as a request for a declaratory judgment or as a petition for habeas corpus. The same principle requiring judicial abstinence is apposite in both types of action.

Plaintiff's reliance on Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946) and Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953) is misplaced. Those cases dealt only with the classification process for those who have not yet been inducted into the armed forces. Thus, plaintiff, who voluntarily enlisted in the Army Reserve, does not come within the intended scope of 50 U.S.C.App. § 456(j) which provides an exemption for conscientious objectors holding that status prior to their induction. See Brown v. McNamara, 263 F.Supp. 686, (D.C.N.J. January 31, 1967). The rights of an enlisted man are not the same as those of an individual who claims he has been unlawfully inducted in the Armed Forces. Enlistment is a contract which changes status and the citizen, having become a soldier, cannot of his own volition throw off the garments he has once put on. In re Grimley, 137 U.S. 147, 11 S.Ct.

54, 34 L.Ed. 636 (1890); Bell v. United States, 366 U.S. 393, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1960).

Accordingly, since there is no showing that the Army is acting in excess of its jurisdiction, it is ordered that the order to show cause issued by this Court on December 29, 1966, be discharged, and that this action be, and the same is hereby dismissed.