**Richard A. SAUNDERS, Plaintiff,**

v.

**Colonel Edward A. CROUCHLEY, Individually and as Commanding Officer, Offutt Air Force Base, and Harold Brown as Secretary of the United States Air Force, Defendants.**

Civ. 02864.

United States District Court
D. Nebraska.

Sept. 29, 1967.

Benjamin M. Wall and Charles I. Scudder, Omaha, Neb., for plaintiff.

Theodore Richling, U. S. Atty., and Russell Blumenthal, Asst. U. S. Atty., for defendants.

## MEMORANDUM AND ORDER

ROBINSON, Chief Judge.

By his petition for a writ of habeas corpus Richard A. Saunders alleges that he is entitled to be classified as a conscientious objector and on that basis to be released from further military service. The petition states that he enlisted in the United States Air Force on September 18, 1964, and has actively served to and including the present time. On February 3, 1967, the Relator applied for release from active duty and for the first time alleged his grounds for release. His application was considered and denied. Relator here claims that:

1. The conclusion and action taken by the Air Force authorities was unreasonable, arbitrary, capricious, and had no basis in fact.

2. The reviewing officers failed to follow Air Force regulations in that they did not follow standards used by the Selective Service System.

3. The delay of the reviewing officers was prejudicial.

4. The different processing technique applied to persons with more than two years service is arbitrary and unreasonable and denies due process of law.

The doctrine of separation of powers is firmly established between the judicial, legislative, and executive branches of our federal government. Nowhere, is the doctrine more important, indeed

more crucial, than the separation as between the judiciary and the armed forces. As Judge Holtzoff observed, in a slightly different context, [Beard v. Stahr, D.C., 200 F.Supp. 766, at 773] that:

"Armies cannot be maintained and commanded and wars cannot be won by the judicial process. Supervision and control over the selection, appointment and dismissal of officers are not judicial functions. Dismissals of officers are not limited or controlled by the Bill of Rights:"

After an exhaustive study of existing case law it has become apparent that while three distinct legal routes have been chosen by the Courts a uniform result has been reached in all of the reported cases. In each case the Courts have recognized their solemn duty to refrain from interference with the executive branch of the Federal Government. In each case they have recognized the desirability of allowing the military to govern its own affairs.

One line of cases has unequivocally decided that habeas corpus is not available to a person in the armed forces who is serving a period for which he voluntarily enlisted. It is stated that this conclusion necessarily follows from the fact that the detention results from the enforcement of a valid contract and is in no way unlawful. Petition of Green, 156 F.Supp. 174 [S.D.Cal.1957]; McCord v. Page, 124 F.2d 68 (5th Cir. 1941]; Chavez v. Fergusson, 266 F.Supp. 879, [N.D.Cal.1967]. In the *Green* case [supra at p. 180 of 156 F.Supp.] this principle was stated as follows: "Petitioner having entered upon such military status and term of active duty voluntarily and by his own consent and not by any compulsion of law, petitioner not being under any restraint or limitation of personal liberty other than his normal duty status as a member of the armed forces on active duty, and treating the petition herein as a petition for a writ of habeas corpus, this Court lacks jurisdiction of the subject matter of this petition on the ground that petitioner is not in custody or under restraint. [citing cases]."

Another line of cases has arrived at the same destination through the doctrine of exhaustion of administrative remedies. [See, e. g. Noyd v. McNamara, 267 F.Supp. 701, [D.C.Colo.1967]; Brown v. McNamara, 263 F.Supp. 686 [D.C.N.J.1967]. In these cases the court concluded that application for discharge on the basis of conscientious objection was not "exhaustion of remedies available" without discussing the remedies remaining.

In the case of Petition of Green [supra] the court decided that insofar as any issue of unlawful restraint might have been presented that the petitioner had failed to exhaust his administrative remedies. In that case there had been a decision by the Commandant of the Marine Corps, on appeal of that decision to the Secretary of the Navy, and upon affirmance of the Commandant's decision, a further appeal to the Secretary of Defense. When the second appeal was unsuccessful the petitioner attempted an unsuccessful appeal to the President of the United States. Yet in spite of these efforts the Court concluded that the available administrative remedies had not been exhausted. The following statement was made at p. 181 of the opinion in 156 F.Supp.

"Insofar as petitioner may be under any restraint or threatened restraint arising out of the applicability of any provision of the Uniform Code of Military Justice, 50 U.S.C.A. § 551 et seq., to him, the military judicial remedies in any resulting courts-martial proceeding are adequate and available, and the petition herein, upon that ground, fails to state a claim for relief because petitioner has failed to exhaust those remedies. [Citing cases]"

While we recognize that the court in the *Green* case had already decided that habeas corpus was not available because the detention was lawful when it made the above statement, and that the quoted portion was in response to the petitioner's argument that he would face military prosecution; nevertheless it is indicative of the extreme hesitance of the

Courts to interfere with the administration of the armed forces.

A third approach apparently taken by one court [Brown v. McNamara 263 F. Supp. 686 (D.C.N.J.1967)] is that the judiciary should not interfere with the internal affairs of the military unless exceptional circumstances exist. The two cases cited for that proposition, however, [Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953)]; and Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958)] involve alleged unlawful induction and unlawful discharge respectively. In the case of an unlawful discharge it is obvious that the petitioner is not under the exclusive jurisdiction of the military; and where unlawful induction is alleged the exclusive jurisdiction is the point in issue. Despite the lack of authority for the rule announced in the *Brown* case [supra] it presents a logical and workable rule upon which such cases could be handled.

█ Under any of the legal theories which have been discussed, the petitioner's contentions as to arbitrary and unreasonable findings of the Air Force authorities must fail. It is clearly shown that petitioner is lawfully and voluntarily in the service of the Air Force. It has been further shown that administrative remedies remain open and available to him and have not been exhausted. And finally that no extreme circumstances exist which would demand that this Court accept jurisdiction.

As to the petitioner's contention that the regulation under which he made application for discharge is arbitrary and unreasonable, one further legal principle is important.

█ It is established that the writ of habeas corpus may not be used as a means of securing a judicial decision of a question which, even if determined in the petitioner's favor, would not result in his immediate release. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). Even assuming that the procedural regulation is arbitrary and unreasonable, we do not believe that

it necessarily follows that the petitioner would be entitled to release. Such a finding, in our opinion, would merely demand a new hearing be granted him. We are not here acting as a Court of Appeals; and an order to grant a "new trial" would not be proper.

█ Because of the great importance to the Petitioner and all of the parties involved a full evidentiary hearing was granted on the petition. Having heard and considered the testimony presented, the Court feels compelled to observe that even if jurisdiction had been shown to exist, that it would certainly have held that ample basis in fact existed in the findings of the Air Force authorities, and that petitioner has failed to meet his burden of showing the procedural regulation was not within the authority granted the armed forces, or arbitrary and unreasonable. Accordingly,

It is ordered that the defendant's motion to dismiss the petition for writ of habeas corpus should be and is hereby sustained.

It is further ordered that the motion to dissolve and dismiss the temporary restraining order entered by this Court should be and is hereby sustained.