In the Matter of the Petition in Behalf of Michael Ralph McBEE, Petitioner, for a Writ of Habeas Corpus.

UNITED STATES of America, J. B. Tietz, Relator,

v.

SECRETARY OF the NAVY and Commanding General, Marine Corps Base, Camp Pendleton, California, Respondents.

No. 68–51–S.

United States District Court S. D. California.

July 30, 1968.

J. B. Tietz, Los Angeles, Cal., for petitioner.

Raymond F. Zvetina, Asst. U. S. Atty., San Diego, Cal., for respondents.

## FACTS

EDWARD J. SCHWARTZ, District Judge.

This is a petition for a writ of habeas corpus and complaint for permanent injunction. Petitioner challenges the validity of a military order dated 26 July, 1967 which assigned him to involuntary active duty for a period of 17 months in the United States Marine Corps.

On August 25, 1965, petitioner enlisted in the U. S. Marine Corps Reserve for a six year period. After serving six months active duty for training, petitioner was reassigned for reserve training to "A" Battery, 1st Battalion, 14th Marines, 4th Marine Division at Los Angeles, California.

Upon petitioner's failure to report for a scheduled reserve unit drill on February 18, 1967, his commanding officer, Captain L. R. Stroud, submitted a DD Form 44 to petitioner's Local Draft Board. Said form filed February 19, 1967, contained the notation that petitioner had "ceased to serve satisfactorily" by reason of "unsatisfactory participation" in the Ready Reserve.

Paragraph (e) of the "Statement of Understanding Upon Enlistment" signed by petitioner provided, in part, " * * * that SATISFACTORY PARTICIPATION consists of ATTENDANCE AT and SATISFACTORY PERFORMANCE OF at least 90% of all scheduled drills * * * "

Four unexcused absences from scheduled drill periods during petitioner's anniversary year were undisputed. During the June 28, 1968 hearing on this matter, petitioner challenged the commanding officer's determination of "unsatisfactory participation" as lacking basis in fact. Petitioner's fifth unexcused absence occurred when he was apprehended by Los Angeles police in the early morning hours immediately prior to a scheduled weekend battalion movement. Petitioner was subsequently convicted of drunk driving in the South Bay Torrance Municipal Court. However, petitioner's *Answering Memorandum of Fact and Law* filed subsequent to the hearing clearly indicates that he no longer challenges Captain Stroud's determination.

Petitioner was subsequently reclassified I-A by his Local Draft Board and ordered to report for induction on April 25, 1967. Petitioner failed to report for induction. On May 17, 1967, petitioner was again ordered by his lo-

cal board to report for immediate induction on June 13, 1967. On that date, petitioner reported to the Armed Forces Induction Center in Los Angeles and refused to submit to induction. Petitioner has not been indicted for violation of 50 U.S.C. App. § 462.

During this same period and thereafter petitioner's reserve unit continued to carry him on its rolls and charged him with an unexcused absence for each scheduled drill period. On May 21, 1967, Captain Stroud advised petitioner by letter of his unsatisfactory participation in the reserve program and advised him of the scheduled drills for June, 1967. Upon failure to report for the drills in June, petitioner was recommended for involuntary active duty pursuant to Public Law 89-687, § 101, 80 Stat. 981.

On August 11, 1967, petitioner failed to report to Camp Pendleton as directed by the order dated 26 July, 1967. He was apprehended by the F. B. I. on November 23, 1967 and delivered to military authorities. Petitioner is currently in a "legal hold" status at Camp Pendleton, California.

### AUTHORITY OVER PETITIONER

It must be determined whether the Marine Corps divested itself of authority over petitioner by virtue of the report to his Local Draft Board as to his unsatisfactory participation in the Ready Reserve or because of the order requiring petitioner to report for induction.

Petitioner previously entered into an enlistment contract which changed his status to that of a soldier. In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890); Bell v. United States, 366 U.S. 393, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1960); Chavez v. Fergusson, 266 F.Supp. 879 (N.D.Cal., 1967). Petitioner has cited no authority and none has been found by this court for the proposition that petitioner's status as a soldier changed by virtue of the report or the subsequent induction order. Under these circumstances the Local Draft Board by virtue of 50 U.S.C. App.

**928**

§ 456(c) (2) (D) was bringing a soldier, who had already enlisted, into active service. United States v. Lonstein, 370 F.2d 318 (2d Cir., 1966).

The effect of petitioner's refusal to submit to induction must now be considered. It is petitioner's contention that he remains exclusively answerable to the Selective Service System. In his estimation, the government must indict him for failure to obey the induction order and must prove that he has violated the law.

Apparently, petitioner could be indicted for violation of 50 U.S.C. App. § 462 (a). However, the course of action available to the Selective Service System is not determinative of the issue presented in this petition. It is clear that the Selective Service System has refrained from taking any action against petitioner.

[3, 4] The crucial factor is that petitioner remained subject to the authority of the Marine Corps because he had not been discharged. Clearly he could not voluntarily cast off the cloak of a soldier. In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890). Moreover, petitioner remained on the rolls of his reserve unit, was informed of scheduled drills by his commanding officer, and charged with unexcused absences during the period of March to June, 1967. Further, it appears clear that petitioner would have remained in the Marine Corps if the induction order had been completed by virtue of 50 U.S. C. App. § 456(c) (2) (D). This section provides for immediate induction into the same branch of service of which the inductee is a reserve member.

Subsequent to his refusal to be inducted, the Marine Corps elected to process petitioner for involuntary active duty pursuant to Public Law 89–687, which was then in effect. Petitioner has not challenged the validity of this law. The Marine Corps could process petitioner under this law because of its continued authority over him.

Accordingly, after examining the authorities presented by counsel and upon consideration of oral arguments, IT IS ORDERED that the application for a writ of habeas corpus and motion for permanent injunctive relief be and they are hereby denied.