Lawrence James **MINASIAN**, Appellant,

v.

**Capt. Paul R. ENGLE**, Respondent.

No. 22024.

United States Court of Appeals
Ninth Circuit.

Aug. 6, 1968.

Richard W. Petherbridge (argued), Santa Ana, Cal., Nathan R. Zahm, Sherman Oaks, Cal. (argued), Richard E. Posell, Los Angeles, Cal., amicus curiae, for appellant.

James D. Murray (argued), Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before CHAMBERS, BARNES and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This is an appeal by a Navy enlistee from an order denying his petition for a writ of habeas corpus.

### THE QUESTION

The sole questions we decide are (1) whether the district court had jurisdiction to entertain the petition and (2) whether the appellant failed to pursue Navy procedures and to exhaust his administrative remedies within the Navy. There are numerous intriguing questions we do not reach.[1]

---

1. We do not reach the following questions:
   1. Is appellant, an enlistee in the United States Navy, "a prisoner * * * in custody * * *" either under or by color of the authority of the United States or in violation of its laws, 28 U.S.C. § 2241(c) (1), (3) (1948).

See Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277 (1885); United States ex rel. McKiever v. Jack, 351 F.2d 672 (2 Cir. 1965); Petition of Green, 156 F.Supp. 174 (S.D.Cal.1957), appeal dismissed as moot, 264 F.2d 63 (9 Cir.), cert. denied 359 U.S. 917 (1959); Peti-

## THE FACTS

Appellant, a male citizen of the United States, voluntarily enlisted in the Navy on June 7, 1961. On January 8, 1964, by agreement, his enlistment was extended for four years in consideration of being deferred from active duty for three years.

On September 18, 1965, appellant submitted a request for discharge through naval channels, claiming to be a conscientious objector. On that date he was not on active duty.

In 1962, pursuant to the authority of 10 U.S.C. § 133, the Secretary of Defense issued Department of Defense Directive [DOD] No. 1300.6. This directive was implemented by the Navy in Part C–5210, Bureau of Naval Personnel Manual [BuPERS].

The request for discharge was submitted pursuant to DOD 1300.6[2] and Bu-

---

tion of Otsen, So. Dist. Calif. #66–478–Y (Unreported).

Compare cases dealing with attacks on induction, Gibson v. United States, 329 U.S. 338, 67 S.Ct. 301, 91 L.Ed. 331 (1946); deRozario v. Commanding Officer, 390 F.2d 532 (9 Cir. 1967); United States ex rel. Steinberg v. Graham, 57 F. Supp. 938 (E.D.Ark. 1944).

2. The effect on the habeas case of an enlistment *contract* entered into on the voluntary enlistment of the habeas applicant?

McCord v. Page, 124 F.2d 68 (5 Cir. 1941); In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636; Brown v. McNamara, 387 F.2d 150, 152 (3 Cir. 1967); question raised in Gion v. McNamara, U.S.Dist.Court # 67–1563–EC Central District of California, remanded by order 6/18/68 sub nom Gion v. Clifford, 9 Cir. No. 27835 (Unreported).

3. If a habeas petitioner is not "in custody," whether his remedy is a complaint for declaratory relief against the Secretary of the appropriate Military department, as an indispensable party?

See Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95 (1947); Yates v. Manale, 341 F.2d 294 (5 Cir. 1965); Adamietz v. Smith, 273 F.2d 385 (3 Cir. 1960), cert. denied 363 U.S. 850, 80 S.Ct. 1628, 4 L.Ed.2d 1732; Bovard v. Young, 105 U.S.App.D.C. 241, 265 F.2d 823 (D.C.Cir. 1959).

4. If a district court assumes jurisdiction of a habeas petition in the military service, is the scope of review to be applied the one of "basis in fact" as in conscientious objector cases under the Selective Service Act, Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

Basis in fact test applied in Crane v. Hedrick, 284 F.Supp. 250, Dist.Ct.No. 47816, No. Dist. of California; deRozario v. Commanding Officer, 390 F.2d 532 (9 Cir. 1967); See, Brown v. McNamara, 387 F.2d 150, 153 (3 Cir. 1967) declining to pass on the "basis in fact" test but holding proceedings "not arbitary, or capricious, or irrational."

5. Assuming procedural regulations or processing by the military which are arbitrary, capricious and unreasonable or where there is lacking a "basis in fact," may a district court grant relief by way of discharge from military service or solely suggest to the military that they give new or further consideration to the proceedings?

Saunders v. Crouchley, 274 F.Supp. 505, 508 (D.C.Neb.1967). (No discharge).

Crane v. Hedrick, 284 F.Supp. 250 (No. Dist.Cal. # 47816, 1965). (Discharge).

6. If the district court may properly consider the military procedures, it does so only on review and not as a trial court. Ordinarily the court, if not satisfied with proceedings below, e. g., in a bankruptcy review, remands for further proceedings.

Is the answer to our problem to provide by statute (preferably) or by case law, that the proceeding instituted by the habeas petition be remanded to the military for further proceedings in conformity with the order of remand?

Such a procedure would eliminate the possible unseemly happening of a district judge in substance, granting a discharge from military service and would place such discharge power where it belongs—with the military.

2. DOD 1300.6, III, F. "The standards used by the Selective Service System in determining I-O [sic] of I-A-O [sic] classification of draft registrants prior to induction are considered appropriate for application to cases of servicemen who claim conscientious objection after entering military service. * * *"

The current criteria utilized by Selective Service for classification of registrants, adopted by DOD 1300.6, are found in 32 C.F.R. § 1622. "for class I-A-O and in 32 C.F.R. § 1622.14 for class I-O.

PERS Part C–5210, which provided for uniform procedures for the utilization of conscientious objectors in the armed forces, consideration of request for discharge on the grounds of conscientious objection, and for discharge in appropriate cases "by reason of convenience to the government."

The request for discharge was forwarded through channels with appropriate counseling, endorsement and recommendation by intermediate officers, and was referred to the Director of Selective Service for an advisory opinion. The Director found that appellant would be properly classed I-A-O if he were being considered under Selective Service Regulations. Appellant's Commander, and in turn appellant, were advised that based upon information obtained from the Director of Selective Service, "* * * and all the facts and circumstances in the case * * *", appellant's request for discharge was not approved and he was assigned a Limited Duty Designator as a noncombatant, the equivalent of I-A-O.

All steps taken in processing the application of September 18, 1965, complied with the directives and regulations referred to above. On February 2, 1966, by correspondence addressed to Chief of Navy Personnel and not through channels, appellant requested reconsideration of his previous request for discharge. It was reviewed and the decision on appellant's request for discharge affirmed on February 11, 1966. By letter of January 24, 1967, a "third appeal for discharge" was made by appellant, wherein he referred to "previous requests" and requested a review of previous requests. On February 14, 1967, appellant was advised that after review of his final request for discharge as a conscientious objector, the previous decision was affirmed.

At the time of the filing of the petition on April 4, 1967, and the hearing in the district court, petitioner was on active duty in the Navy. He had reported on February 23, 1966, pursuant to orders, and been assigned noncombatant duties by reason of conscientious objection.

At argument on the appeal, a stipulation was entered into between counsel and later reduced to writing. It was ordered filed by the court. From the stipulation it appears that appellant, on December 11, 1967, was released from active duty in the Naval Reserve and transferred to the inactive Reserve; that since December 11, 1967, he had not been required to participate in inactive Reserve activities, such as attending meetings or drills; that he is currently employed as a civilian in a job unconnected with the Navy; and that his Enlistment Contract will be completed on June 6, 1971.

### Jurisdiction

We are met at the outset with a contention by respondent of lack of jurisdiction. The basic statute is 28 U.S.C. § 2241. We briefly examine the problem.

■ Apparently respondent was served with process. In any event there was an appearance by answer. There was thus jurisdiction over the person of the respondent Engle, the alleged custodian of petitioner.

■ There was clearly jurisdiction to entertain the petition for the writ of habeas corpus. The petition alleged the petitioner was in custody. Thus the court

---

"§ 1622.11 Class I-A-O: Conscientious objector available for noncombatant military service only.

"(a) In Class I-A-O shall be placed every registrant who would have been classified in Class I-A but for the fact that he has been found, by reason of religious training and belief, to be conscientiously opposed to combatant training and service in the armed forces.

"§ 1622.14 Class I-O: Conscientious objector available for civilian work contributing to the maintenance of the national health, safety, or interest.

"(a) In Class I-O shall be placed every registrant who would have been classified in Class I-A but for the fact that he has been found, by reason of religious training and belief, to be conscientiously opposed to participation in war in any form and to be conscientiously opposed to participation in both combatant and noncombatant training and service in the armed forces."

should entertain the petition. It cannot be dismissed on filing.

After the habeas is filed, other questions of jurisdiction arise. If the court finds that the petitioner is *not in custody* then there is no jurisdiction to grant the writ regardless of the conduct complained of. Thus petitions for writs are customarily dismissed on "lack of jurisdiction" to grant the issuance of the writ of discharge.

In these recurring habeas petitions by petitioners in the Military Service, there arises another serious question of jurisdiction. Is there jurisdiction to order the petitioner discharged from the service or only to deny the writ, and in proper cases suggesting further consideration or proceedings by the military? The case cannot be remanded since there is nothing to remand. We do not reach this question.

We hold that since there was jurisdiction over the person of respondent, and an allegation in the petition that petitioner was imprisoned, the district court had jurisdiction to hear the petition and jurisdiction to at least deny the writ.

### Failure to Follow Navy Procedures and Exhaust Remedies

This appeal concerns only the letter of January 24, 1967, called by petitioner a "third appeal for discharge," but which was treated by the Navy authorities as a petition for reconsideration, and was denied, just as the Navy had treated appellant's correspondence of February 2, 1966, as a petition for reconsideration.

Appellant does not question the proceedings on the September 18, 1965 application, either standing alone or as affected by the letter of applications for reconsideration. Appellant takes this position because as a result of the September 1965 proceedings he was assigned noncombatant duties and status, (equivalent to I-A-O), while by his January 1967 letter he seeks the equivalent of I-O, and to be released from even noncombatant duties.

The contents of a request for discharge from the Navy on the grounds of conscientious objection are specified in detail in BuPERS, Part C–5210(2) (a).

Such an application was prepared and submitted by appellant in September 1965 but not in February 1966 or January 24, 1967.

The Navy treated the communication of February 1966 and January 24, 1967, as merely requests for reconsideration of the order made in the first proceeding. Appellant contends his first application is included by reference in his letter of January 24, 1967. He does not expressly so state. He states in the letter of January 24, 1967, "I hope that the enclosed statements along with the information included in my previous statements will be an aid to you in determining my case."

The district court found "* * * no abuse of discretion has been established. Surely the Navy Department should not be put to the fully detailed process, as a new request, of every letter a petitioner files urging error in the decision of the Chief of Naval Personnel, as to prior request for discharge." The district court found the letter of January 24, 1967, was a request for reconsideration by its findings, "The Navy Department had jurisdiction to process and rule on the request for discharge of petitioner, as filed September 18, 1965, and revived for reconsideration by petitioner on February 2, 1966, and January 24, 1967."

Appellant contends that his letter of January 24, 1967, constituted a new application, since it included by attachment a letter from a chaplain who stated, "It is my opinion Minasian is sincere and devoted to his personal convictions concerning military service. His posture is now marked by an unwillingness to serve even as a noncombatant." No new letters were submitted from the two chaplains who had personally interviewed him and there was no showing that the third chaplain who wrote the letter accompanying the letter of January 24, 1967, had talked or interviewed appellant, at or near the time of his September 1966 application.

In any event the representation of appellant's convictions are only a part of and separate from the overall considerations to be considered in determining whether status equivalent to I-O or I-A-O

is appropriate. Many other facts were involved. From date of enlistment in June 1961, through January 1966, appellant participated in reserve activities. On June 2, 1965, he knew his active duty orders would be received about September 1965. In July 1965, he applied for officer's candidate school, this only two months before his request for discharge dated September 18, 1965. In September 1965, and prior to September 18, 1965, petitioner said he wanted to perform his active duty as a noncombatant.

The appellant by his letter of January 24, 1967, did not comply with the procedure set forth in BuPERS, Part C–5210, Noyd v. McNamara, 267 F.Supp. 701 (D.C.Colo.1967), aff'd per curiam 378 F.2d 538 (10 Cir.), cert. denied 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1967). The trial court found the letter was a request for reconsideration. We cannot say the finding of the trial court was "clearly erroneous," Rule 52(a), F.R.Civ.P.

The judgment is affirmed.