**Louis R. SCHWARTZ, Appellant,**

v.

**Major General John FRANKLIN, Commanding General, VIth U. S. Army, Presidio, San Francisco, California, and Lt. William Bowman, Commanding Officer of the Stockade, Presidio, San Francisco, California, Appellees.**

**No. 23265.**

United States Court of Appeals Ninth Circuit.

June 10, 1969.

Richard McAdams (argued), Hugh B. Miller, of Jarvis, Miller & Stender, San Francisco, Cal., for appellant.

Jerry K. Crimmet, Asst. U. S. Atty. (argued), Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and * SOLOMON, District Judge.

SOLOMON, District Judge:

Louis R. Schwartz appeals the denial of his petition for habeas corpus from the United States Army. The District Court had jurisdiction under 28 U.S.C. § 2241. Hammond v. Lenfest, 398 F.2d 705 (2d Cir.1968). Our jurisdiction is based on 28 U.S.C. § 2253.

Schwartz enlisted in the Army Reserves in September, 1965. He signed a contract which said:

"If in any year I fail to perform satisfactorily any of the requirements set forth above, I can be ordered to perform active duty for training for a maximum of 45 days or be reported to

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

Selective Service for immediate induction."

On October 15, 1966, Congress passed Public Law 89–687, 80 Stat. 981, which empowered the President to order reservists whose participation was unsatisfactory to active duty for 24 months less time already spent on active duty.[1] This provision applies to all reserve enlistment contracts in effect at the time it became law, including Schwartz's. Pfile v. Corcoran, 287 F.Supp. 554 (D. Colo.1968).

Schwartz claims that the retroactive application of 10 U.S.C. § 673a is unconstitutional, first, because it breaches his contract with the Army in violation of the Fifth Amendment's Due Process Clause, and, second, because Congress could have reached the same legislative ends through a narrower statute which did not infringe his personal freedom. Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960), NAACP v. Alabama, 377 U.S. 288, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964), United States v. Robel, 389 U.S. 258, 88 S.Ct. 419, 19 L.Ed. 2d 508 (1967).

Respondent contends that activation under 10 U.S.C. § 673a was beneficial to Schwartz. Under this section Schwartz received credit for the time he has served on active duty. Referral to the Selective Service System, one of the options in Schwartz's enlistment contract, would have resulted in a 24-month activation with no credit for prior service.

 We hold that the Congressional War Powers[2] permit at least the minimal breach of Schwartz's enlistment contract or infringement of his personal freedom which might possibly result from the retroactive application of 10 U.S.C. § 673a. Pfile v. Corcoran, *supra*; *see* Even v. Clifford, 287 F.Supp. 334 (S.D.Cal.1968); Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.1968), aff'd 390 F.2d 879 (2d Cir.1968) (per curiam); Winters v. United States, 412 F.2d 140 (9th Cir., May 29, 1969).

 It is doubtful whether Schwartz's personal freedom has been adversely affected to a greater degree by his activation under 10 U.S.C. § 673a than by referral to Selective Service. Although Schwartz will serve less active time, 10 U.S.C. § 673a(b), he asserts activation denies him the opportunity to seek the deferments and exemptions that the Selective Service System recognizes.[3] This is not true for the conscientious objector classification. The Army recognizes that status and provides for discharge of those who occupy it. Furthermore, the determination is made by the same standards that Selective Service uses and courts will review the determination for "basis in fact." DoD Direc-

1. Public Law 89–687 was later codified in 10 U.S.C. § 673a (Public Law 90–40, § 6(1), 81 Stat. 105, June 30, 1967).

"§ 673a. *Ready Reserve: members not assigned to, or participating satisfactorily in, units*

(a) Notwithstanding any other provision of law, the President may order to active duty any member of the Ready Reserve of an armed force who—
(1) is not assigned to, or participating satisfactorily in, a unit of the Ready Reserve;
(2) has not fulfilled his statutory reserve obligation; and
(3) has not served on active duty for a total of 24 months.

(b) A member who is ordered to active duty under this section may be required to serve on active duty until his total service on active duty equals 24 months. If his enlistment or other period of military service would expire before he has served the required period under this section, it may be extended until he has served the required period.

(c) To achieve fair treatment among members of the Ready Reserve who are being considered for active duty under this section, appropriate consideration shall be given to—
(1) family responsibilities; and
(2) employment necessary to maintain the national health, safety, or interest."

2. U.S.Const. art. I, § 8.

3. Schwartz does not claim that he is eligible for any of these deferments or exemptions. We assume without deciding that Schwartz can challenge § 673a on the ground that it infringes the personal freedoms of activated delinquent reservists in general.

tive 1300.6 (May 10, 1968).[4] Hammond v. Lenfest, *supra,* Crane v. Hendrick, 284 F.Supp. 250 (N.D.Cal.1968). *Cf.* Brown v. McNamara, 387 F.2d 150 (3d Cir.1967), Noyd v. McNamara, 378 F.2d 538 (10th Cir.1967).

■■ The Army also recognizes dependency, hardship, employment in the national interest, ordination as a minister, theological or divinity study, and physical disability as grounds for separation from service. 10 U.S.C. § 1169, 32 C.F.R. § 100.3(a) (2) (i) and (iii). Army Circular 135–10 (May 29, 1967) § 17. Rank v. Gleszer, 288 F.Supp. 174 (D.Colo.1968). When a deferment or exemption is sought on these grounds, court review of a military decision is unlikely. United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371 (2d Cir.1968) (hardship); Weber v. Clifford, 289 F.Supp. 960 (D.Md.1968) (physical fitness); Rank v. Gleszer, *supra* (physical fitness).[5] Any prejudice to Schwartz resulting from the unlikelihood of court review of these recognized grounds for discharge is justified by the War Powers. Pfile v. Corcoran, *supra*; *cf.* City of El Paso v. Simmons, 379 U.S. 497, 85 S.Ct. 577, 13 L.Ed.2d 446 (1965). We will not assume that there will be prejudice merely because there is no review. On the contrary, we presume that the military will administer its regulations governing discharge with fairness and reason. *Cf.* United States ex rel. Schonbrun v. Commanding Officer, *supra.*

Our result is consistent with those cases which uphold the retroactivity of a statute which permits the President to activate reservists "when he deems it necessary." Pub.L. 89–687, Title I, § 101(e), 80 Stat. 981, 10 U.S.C. 1964 ed. Supp. IV § 263, note. The President has validly activated reservists who, unlike Schwartz, were satisfactorily performing their reserve obligations and whose enlistment contracts did not contemplate activation when the President deems it necessary. Linsalata v. Clifford, 290 F.Supp. 338 (S.D.N.Y.1968), Goldstein v. Clifford, 290 F.Supp. 275 (D.C.N.J.1968) (three-judge court), Adams v. Clifford, 294 F.Supp. 1318 (D. Hawaii 1969).[6]

■ Finally, we reject Schwartz's contention that by activating him the military elected the contractual option of a 45-day call-up and must now release him.

The order of the District Court denying the petition for habeas corpus and dismissing the action is affirmed.

---

4. This directive also provides for referral to the Selective Service System for advisory opinions on certain applications for conscientious objector status.

This Circuit has not determined when and the extent to which a court will review an adverse determination of an in-service conscientious objector's claim. Minasian v. Engle, 400 F.2d 137, note 1 (9th Cir. 1968); Craycroft v. Ferrall, 408 F.2d 587 (9th Cir. 1969). Since Schwartz claims his order to report for active duty was made under an unconstitutional statute, the jurisdictional facts of this case do not require that we resolve those unanswered questions. Nevertheless, the determination of Schwartz's substantive claim necessarily involves a consideration of the rights of in-service conscientious objectors.

5. A determination by Selective Service that a registrant is not entitled to these deferments or exemptions is subject to court review for "basis in fact." Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953).

6. Depending on the branch of service involved, some contracts between the military and reservists permit call-up "when otherwise authorized by law" in addition to other contingencies. We do not believe there is any merit to Schwartz's claim that the absence of this language from his contract makes § 673a unconstitutional in his case. Pfile v. Corcoran, *supra,* Adams v. Clifford, *supra.*