**Application of Warren D. CORYELL, for a Writ of Habeas Corpus.**

**No. 52240.**

United States District Court
N. D. California.

Dec. 5, 1969.

210

Howard J. DeNike, San Francisco, Cal., for petitioner.

Steven Kazan, Asst. U. S. Atty., San Francisco, Cal., for respondent.

ORDER DENYING MOTION TO STRIKE AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

GERALD S. LEVIN, District Judge.

By this action petitioner seeks a Writ of Habeas Corpus, or in the alternative, an Order to Show Cause, directing respondents to grant petitioner appropriate relief.

Petitioner was classified I–A–O by his local board in March, 1968, and was inducted into the Army on August 6, 1968. Petitioner went on leave December 7, 1968 with orders to report on

January 5, 1969, to the Oakland Overseas Replacement Station for transportation to Viet Nam. Thereafter, on or about January 15, 1969, petitioner filed a request for discharge as a conscientious objector. Petitioner now claims that by October 6, 1968, eight weeks after induction, he had become a sincere, religious, nonviolent conscientious objector.

Respondent alleges that petitioner was AWOL for the following periods: March 24–27, 1969; April 7–14, 1969; and July 11–September 15, 1969. Petitioner has not denied these allegations.

Respondent further alleges that on October 28, 1968, petitioner assaulted one Acting Corporal Gerald McRae while the latter was acting in the course of his duties, and that on the next day petitioner received punishment under Uniform Code of Military Justice [UCMJ], Article 15. Petitioner did not appeal the imposition of punishment and did not demand a court martial with respect to such punishment, nor did he offer any facts in extenuation, mitigation, or defense of the charge.[1]

 Petitioner alleges that there are no administrative remedies which he should be required to exhaust, but no reasons are given why this Court should depart from the rule in this Circuit requiring military enlistees such as petitioner who seek a discharge on the basis of conscientious objection to first exhaust their administrative remedies, including application to the Army Board for Corrections of Military Records. Bratcher v. McNamara, 415 F.2d 760 (9th Cir. 1969); Krieger v. Terry, 413 F.2d 73, 76 (9th Cir. 1969).

 Petitioner states that he made an application to the Army Board for Corrections of Military Records and at oral argument claimed that he received an unfavorable reply from the Board. At this time, however, no copies of that application or of the Board's denial have been submitted. Thus petitioner has failed to substantiate his claim that he exhausted his military administrative remedies and the petition for habeas corpus should be dismissed on that basis.

Even if petitioner can present this Court with documentary evidence of his application to and/or denial from the Army Board, the Court finds that petitioner's denial of a discharge on the basis of conscientious objection was made properly.

 The Court notes at the outset that the scope of review in this matter is the narrowest known to the law. Bishop v. United States, 412 F.2d 1064, 1067 (9th Cir. 1969); Blalock v. United States, 247 F.2d 615, 619 (4th Cir. 1957). Petitioner's denial of classification as a conscientious objector entitled to discharge from military service can be overturned only if such denial was made without a "basis in fact". See Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Estep v. United States, 327 U.S. 114, 122, 66 S. Ct. 423, 90 L.Ed. 567 (1946); Lewis v. Secretary, Department of the Army, 402 F.2d 813, 818 (9th Cir. 1968).[2]

By letter of March 27, 1969, from the Adjutant General, Department of the Army, petitioner's request for separation from military service was disapprov-

---

1. Petitioner now alleges, by Affidavit dated September 29, 1969, that he acted defensively and that his actions with regard to the assault were reflexive and unpremeditated. Petitioner claims that he accepted UCMJ Article 15 punishment in order to avoid the embarrassment and trouble of a court martial and that he felt at the time that it would have been purposeless to offer evidence of mitigation.

2. The "basis in fact" test was orginally applied on review of selective service classification. The scope of review is precisely the same in the case of those who claim conscientious objection after entering the military service. Bates v. Commander, First Coast Guard District, 413 F.2d 475, 477 (1st Cir. 1969); Hammond v. Lenfest, 398 F.2d 705, 716 (2d Cir. 1968); Gann v. Wilson, 289 F.Supp. 191, 193 (N.D.Cal.1968); Department of Defense [DOD] Directive 1300.6 IV B3 (b).

ed with the following required [3] comment:

Applicant's objection to service is based upon personal philosophy, not upon sincere religious belief and training.

Petitioner now claims that his request was rejected because his beliefs were deemed to be solely personal, and that as a result there is no "basis in fact" for the Army's denial of his request for discharge as a conscientious objector.

Petitioner's contentions are not well taken. In the first place, the letter from the Department of the Army states two bases for rejecting petitioner's request: 1) that his beliefs are based on a personal (as opposed to a religious) philosophy, and 2) that his beliefs, even if professedly religious, are not sincerely held.

■ DOD Directive 1300.6 and Army Regulation [AR] 635–20 provide for discharge of personnel conscientiously opposed to war in any form by reason of religious training and belief, but preclude granting discharges to those whose beliefs are based on a personal moral code or whose beliefs pre-dated but were not claimed prior to active duty. Although neither regulation specifically sets up sincerity as a standard by which the validity of applications should be measured, case law makes it clear that sincerity is the *sine qua non* of every claim to conscientious objection. See United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850, 13 L.Ed. 733 (1965); Witmer v. United States, *supra*, 348 U.S. at 382–383, 66 S.Ct. 423.

None of the Army personnel required to interview petitioner pursuant to DOD 1300.6 found him to have sincere religious beliefs as the basis for his conscientious objection, and therefore the Army personnel recommended that his

request for discharge be denied.[4] In his application, petitioner stated that letters of reference were being requested to substantiate the sincerity of his claims, but not one such letter has been received. The inescapable conclusion is that petitioner's claim of sincerity rests solely on his own uncorroborated statements.

■ Denial of a classification may rest on disbelief of the sincerity of the claimant—without other facts—if honest and rational. United States v. Corliss, 280 F.2d 808, 814 (2d Cir. 1960). Here, however, additional factual bases are present to support the Army's decision. Petitioner has claimed that, "I do not believe in the use of force under any circumstances," yet he committed the assault upon another serviceman discussed above. This fact was known to and alluded to by the "O–3" hearing officer who interviewed petitioner and disapproved his request for discharge.[5]

■ Finally, the Court notes that petitioner did not file his application until after he was ordered to report for shipment to Viet Nam. It is settled that the very timing of the application is an objective fact upon which to base a determination of lack of sincerity. Bishop v. United States, *supra*, 412 F.2d at 1068. See Witmer v. United States, *supra*, 348 U.S. at 382, 66 S.Ct. 423.

■ There being an ample "basis in fact" for the Army's rejection of petitioner's request for discharge, the Court orders the petition for habeas corpus denied.

■ Petitioner also moves to strike certain paragraphs of respondent's affirmative allegations of fact as being irrelevant and immaterial to the issues herein. Because it has not been shown when, if ever, the Army Board for Corrections of Military Records acted on

---

3. AR 635–20 4.h. states:
When a request for discharge is denied, the Adjutant General will furnish the applicant the reason why classification as a conscientious objector is not approved.

4. Interview of Chaplain C. Gordon Kyle on January 8, 1969; interview of Captain Ronald K. Van Wert on January 21, 1969.

5. See n. 4, *supra*.

petitioner's application, it does not lie for petitioner to argue that the Board could not or did not rely upon any of the facts alleged in respondent's affirmative allegations on the ground that they occurred after the Board's decision. In cases such as this, any fact which casts doubt on the veracity of the applicant is relevant and should be before the Court unless unduly prejudicial to the petitioner. See Witmer v. United States, *supra*, at 381, 66 S.Ct. 423; Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953); Dunbar & Sullivan Dredging Co. v. John R. Jurgensen Co., 44 F.R.D. 467, 472 (S.D.Ohio 1967).

Petitioner's motion to strike is therefore denied, and the petition for a writ of habeas corpus is denied.