**John Edward TROMBLEY, Petitioner,**

v.

**SECRETARY OF DEFENSE, Melvin Laird and Secretary of Army, Stanley Resor and Commanding Officer, Lt. Col. Lester M. Dyke, First Battalion, Medical Field Service School, Brooke Army Medical Center, Fort Sam Houston, Texas.**

**Civ. A. No. SA–71–CA–98.**

United States District Court,
W. D. Texas,
San Antonio Division.

May 11, 1971.

Gerald H. Goldstein, Levey & Goldstein, San Antonio, Tex., for petitioner.

Henry Valdespino, Asst. U. S. Atty., William S. Sessions, U. S. Atty., San Antonio, Tex., for respondent.

JOHN H. WOOD, Jr., District Judge.

ORDER

On this 11th day of May, 1971, came on to be considered the Petition for Writ of Habeas Corpus of John Edward Trombley for separation and discharge from the U. S. Army on the grounds that Petitioner is deprived of his liberty because the Department of the Army by and through the U. S. Army Conscientious Objector Review Board unlawfully denied his request to be discharged from the U. S. Army because of his conscientious objection to participate in war in any form and after considering the briefs and arguments of counsel in connection therewith the Court finds that:

1. Petitioner was baptised and raised a Roman Catholic by his parents who are also Roman Catholic and as such Petitioner bases his claim for Conscientious Objector status on these traditional religious beliefs.

2. Petitioner was inducted into the U. S. Army on or about May 4, 1970 and after completing basic training was sent to Fort Sam Houston, San Antonio, Texas on or about July 28, 1970, and Petitioner applied for 1–0 conscientious objector status on or about October 6, 1970. Said application was denied by the U. S. Army Conscientious Objector Review Board on or about January 21, 1971.

3. After a review of the application, supporting letters, recommendations by interviewing officers and the opinion of the Review Board, this Court finds ample evidence in the record indicating that Petitioner was not substantially motivated by views derived from religious training and belief to form a basis for conscientious objection to participation in war in any form nor does the record reveal any prior activities, actions or behavior in the applicant's life or public expression of his views expressed in his application that conspicuously demonstrates the consistency and sincerity of the convictions which give rise to his claim.

4. The record in the case before the Court is replete with statements by the interviewing officers, the Review Board and even Private Nathaniel Morris' letter supporting Petitioner's application that the Petitioner's objection to participation in war in any form is in fact derived from a personal moral and ethical code rather than from his religious training and beliefs and this contention is supported by statements made by Petitioner as well as the several inconsistencies found in the record.

5. In light of the foregoing finding by the Review Board that Petitioner's views were based on a personal moral and ethical code rather than on traditional religious beliefs, this Court finds that the Board applied the proper criteria according to Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308, in determining that Petitioner lacked the depth of conviction required to qualify for discharge as a conscientious objector and further that there is sufficient evidence in the record to support such a finding by this Court that there is a basis in fact for the denial of the application on the grounds set out by the Army Review Board.

6. This Court further finds that the Review Board correctly relied upon statements by Major Walter H. Keim and Colonel Donald E. Miller that Private Trombley's conscientious objections were fixed, but not claimed prior to induction and that such statements are supported in the record. This finding is in conformance with A.R. 635–20, (3) (b) which states:

"Federal Courts have held that a claim to exemption from military service under Selective Service laws must be interposed prior to notice of induction, and failure to make timely claim for exemption constitutes waiver of the right to claim. * * * Requests for discharge after entering military service will not be favorably considered when—(1) Based on conscientious objection which existed, but was not claimed prior to notice of induction, enlistment or appointment."

The Army Regulation (635–20, (3) (b)) was recently cited by Mr. Justice Stewart in the case of Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625, decided on April 21, 1971, and said regulation was not disturbed in any manner by the Supreme Court.

In view of the conclusion reached by the Review Board and the facts relied upon in the record to support that conclusion, this Court is of the opinion that there is a basis in fact for the decision.

It is, therefore, ordered that the Petition for Writ of Habeas Corpus be, and it is hereby, in all things denied.

This Order shall be stayed for a period of ten (10) days to allow Petitioner to file Notice of Appeal. If a Notice of Appeal is filed within said ten (10) day period, a further stay shall automatically become effective for an additional period of twenty (20) days to allow Petitioner to seek further relief from the Appellate Courts. In no event, however, shall this Order be stayed beyond the total period of thirty (30) days, unless extended by the Appellate Courts.