Ronald F. **SCHMIDT**

v.

Melvin **LAIRD**, Secretary of Defense of
the United States et al.

No. 961–Civ.

United States District Court,
E. D. North Carolina,
Fayetteville Division.

July 7, 1971.

Thomas F. Loflin III, Spaulding &
Loflin, Durham, N. C., for petitioner.

Warren H. Coolidge, U. S. Atty., Rich-
ard Bryan, Asst. U. S. Atty., Raleigh,
N. C., for respondents.

## OPINION AND ORDER

BUTLER, Chief Judge.

This is a proceeding seeking habeas corpus and mandamus relief. The petitioner was and is a member of the United States Army who on or about December 4, 1970, submitted his request for discharge under Army Regulation 635–20 which was subsequently disapproved by the Department of the Army. On January 25, 1971, the petitioner while stationed on the military reservation at Fort Bragg, North Carolina, within this judicial district, was convicted by a court-martial of refusing to wear a uniform and was sentenced to confinement for a period of four months. After the convening authority reviewed and approved the court-martial trial and sentence, orders dated March 12, 1971, were issued directing the transfer on March 16, 1971, of the petitioner from Fort Bragg, North Carolina, to the Correctional Training Facility, Fort Riley, Kansas. It was stipulated by counsel for the petitioner and the respondents that the petitioner was transferred by means of military aircraft with a number of other prisoners to Fort Riley, Kansas, leaving prior to 9 o'clock A.M. on March 16, 1971, and arriving at Fort Riley, Kansas, later the same day.

The Complaint and Petition for Writ of Habeas Corpus were filed in this court on March 17, 1971.

It was stipulated by and between all of the parties that on 17th of March 1971, the petitioner was in the custody of the Commanding Officer, U. S. Army Correctional Training Facility, Fort Riley, Kansas. Further, it was stipulated between the parties that the petitioner has filed a second request for discharge as a conscientious objector under Army Regulation 635–20, said application being presently considered by military authorities in the chain of command. By stipulation the parties have also agreed that the petitioner submitted the following paper writing to an officer at the stockade at Fort Bragg, North Carolina, on March 14, 1971: "I hereby request a seven day extension of my shipment to Correctional Training Facility, Ft. Riley Kansas, in order to prepare a second application for a discharge as a conscientious objector from the United States Army. Ronald F. Schmidt, March 14, 1971"; that this request was denied and two days later pursuant to orders issued under the authority of the Commanding General, XVIII Airborne Corps and Fort Bragg, the petitioner was reassigned, and physically transported to the U. S. Army Correctional Facility, Fort Riley, Kansas. A hearing was held on May 19, 1971, based on the oral stipulations stated above, the Complaint and Petition for Writ of Habeas Corpus, respondents' Motion to Dismiss filed on March 26, 1971, petitioner's Response to respondents' Motion to Dismiss, and respondents' Memorandum of Law in reply to petitioner's Response to respondents' Motion to Dismiss.

■ The court does not have jurisdiction under 28 U.S.C. § 2241 to entertain a habeas corpus application in this case as no custodian is a resident of the district. Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). The relevant facts in *Schlanger, supra,* are similar to this case. There the petitioner sought a release from the Air Force naming as respondents the Secretary of the Air Force, the commander of his unit in Georgia, and commander of an Air Force ROTC unit in Arizona. A suit was initiated in Arizona and only the last respondent, who had no control over the petitioner, was amenable to the court's process, while neither of the first two respondents were subject to the court's process nor were they residents of the judicial district where the suit was brought even though they did have custody and control over the petitioner. In affirming the denial of the application the Court said:

* * * The question in the instant case is whether any custodian, or one in the chain of command, as well as the person detained, must be in the territorial jurisdiction of the District

Court. * * * (W)hile petitioner is within the territorial jurisdiction of the District Court, the custodian—the Commander of Moody AFB—is not. * * * Hence even if we assume that petitioner is "in custody" in Arizona in the sense that he is subject to military orders and control which act as a restraint on his freedom of movement (Jones v. Cunningham, 371 U.S. 236, 240 [83 S.Ct. 373, 375, 376] 9 L. Ed.2d 285), the absence of his custodian is fatal to the jurisdiction of the Arizona District Court.

In other words, this court has no custodian within its reach against whom its writ can be spent. In this case, the custodian, the Commanding Officer of the United States Army Correctional Training Facility, Fort Riley, Kansas, was not within the territorial jurisdiction of this court on March 17, 1971, when the petition for Writ of Habeas Corpus was filed. Accordingly, the petition for writ of habeas corpus must be dismissed for want of jurisdiction under *Schlanger, supra.*

 The petitioner has also urged that this court has jurisdiction under 28 U.S.C. § 1361, to grant the same relief petitioner seeks under habeas corpus, that is, his discharge from the United States Army as a conscientious objector. However, mandamus is not the appropriate remedy to review the exercise of discretion. The "duties which fall within the scope of mandamus are legal duties of a specific, imperative, and ministerial character * * *" 52 Am.Jur.2d Mandamus § 76 (1970). Furthermore, courts in their discretion will usually refuse to issue a writ of mandamus, where other appropriate remedies are available. Petitioner may seek relief by a habeas corpus proceeding, although not in this jurisdiction, and therefore, this court in its discretion would decline to issue a writ of mandamus, even assuming it were an appropriate remedy.

The petitioner also contends that this court has jurisdiction under 28 U.S.C. § 1361 to order the petitioner returned to Fort Bragg, North Carolina (within the Eastern District of North Carolina), claiming that the Army's reassignment of petitioner was improper as it was contrary to the provisions of Paragraph 6c of Army Regulation 635–20.[1]

1. Paragraph 6 of AR 635–20 (31 July 1970) provides as follows:
 6. *Utilization, assignment and training of applicants for discharge as conscientious objectors.*
 a. Except as provided in *b* below, individuals who have submitted formal applications (para 4a) for discharge based on conscientious objection will be retained in their units and assigned duties providing the minimum practicable conflict with their asserted beliefs pending a final decision on their applications. In the case of trainees, this means that they will not be required to train in the study, use, or handling of arms or weapons. It does not preclude the trainee from participating in those aspects of training that do not involve the bearing or use of arms, weapons, or munitions. Except for this restriction, conscientious objector applicants are subject to all regulations to include those on training.
 b. In the case of 2nd and subsequent applications, the duty limitations of *a* above shall not apply if the applicant's immediate commander determines that

the application is substantially the same as a previously disapproved application for discharge as a conscentious objector.
 c. An individual on orders for reassignment who desires to apply for discharge, but does not have the required evidence (para 4a) to support an application is authorized one delay of 7 days. If at the end of 7 days the individual does not have evidence to support a written request for discharge, he will be required to comply with reassignment orders. An individual who has departed his unit of assignment in compliance with reassignment orders may not make application for discharge as a conscientious objector until he arrives at his new permanent duty station. The foregoing does not apply to individuals who are TDY enroute on reassignment orders for period in excess of eight weeks.
 d. When a request for discharge has been denied, individual will comply with reassignment orders, be assigned to any duties, or be required to participate in any type of training. Application to the Army Board for Correction of Military

■ It has long been an accepted principle of law that before a court will exercise its mandamus powers, there must be an exhaustion of available administrative remedies. In Bolger v. Marshall, 90 U.S.App.D.C. 30, 193 F.Supp. 37 (1951), a former Woman's Army Corps member sought, by means of mandamus, vacation of her discharge and restoration to her former status. The court held that a failure to exhaust her administrative remedies precluded the court's exercise of its mandamus powers. See also Muerer v. Ryder, 137 F.Supp. 362 (E.D.Pa.1955).

■ I am of the opinion that the court ought not to exercise jurisdiction in this case because the petitioner has not exhausted his available military remedies. Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950); Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); Hammond v. Lenfest, 398 F.2d 705 (2nd Cir. 1968); Parisi v. Davidson, 435 F.2d 299 (9th Cir. 1970); Schatten v. United States, 419 F.2d 187 (6th Cir. 1969); and United States ex rel. Chaparro v. Resor, 298 F.Supp. 1164 (D.S.C.1969). It has long been accepted that applicants for relief from civil courts must exhaust the available remedies in the military system. Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950); Hammond v. Lenfest, 398 F.2d 705 (2nd Cir. 1968); Parisi v. Davidson, 435 F.2d 299 (9th Cir. 1970); In re Kelly, 401 F.2d 211 (5th Cir. 1968); Schatten v. United States, 419 F.2d 187 (6th Cir. 1969), where it was recognized by the court that military remedies are available under Article 138, Uniform Code of Military Justice (10 U.S.C. § 938); and United States ex rel. Chaparro v. Resor,

298 F.Supp. 1164, 1167 (D.S.C.1969) where Judge Russell, under circumstances where Federal habeas corpus was sought by a serviceman, said that the court's "powers for such purposes may only be invoked after the remedies available within what has been described as the 'hierarchy within the military establishment' including the Court of Military Appeals have been exhausted. Any other rule would constitute a needless and untimely 'interference with the procedures established to police [military proceedings]'", citing Noyd v. Bond, 402 F.2d 441 (10th Cir. 1968) and Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1952). The Supreme Court has recently held that where a putative error is committed by an administrative agency, the petitioner must exhaust available administrative remedies for the correction of the asserted error or be barred from using the defense of incorrect action by the administrative agency when the petitioner is later criminally prosecuted for noncompliance with agency orders. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).

■ In this case there is a military remedy available with respect to the alleged failure of the Army to comply with paragraph 6c of Army Regulation 635–20. This military remedy is available under the provisions of Article 138 of the Uniform Code of Military Justice, 10 U.S.C. § 938. See, Schatten v. United States, 419 F.2d 187 (6th Cir. 1969). Under this statute an aggrieved soldier may lodge a complaint with the appropriate authorities and have certain statutory determinations made. Such was not done in this case and must be done

---

Records has no effect on such reassignment, performance of any duties, or participation in any type of training.

e. Notwithstanding the retention requirements in *a* and *b* above, an individual who applies for discharge and is confined as a result of courtmartial sentence to confinement in excess

of 30 days must be transferred and assigned to a United States Army correctional holding detachment under the mandatory provisions of paragraph 5, AR 190–23. His pending application for discharge will be transferred to the gaining commander for appropriate action.

prior to the exercise of jurisdiction by this court.

 It is noteworthy that petitioner has filed a second application for discharge under the provisions of AR 635–20. This application is presently being considered in the appropriate military channels. In light of the second application, it has not been demonstrated that the return of the petitioner to the geographical jurisdiction of this district would prove to be of assistance in the collection of evidence. Further, it is not at all clear that paragraph 6c of Army Regulation 635–20 provides support to the petitioner's contention in cases of second and subsequent applications. Paragraph 6c authorizes one delay of seven days where "(a)n individual on orders for reassignment * * * desires to apply for discharge, but does not have the required evidence (para. 4a) to support an application. * * *" The court is of the opinion that such a delay is not required where, as here, the individual has already filed an application for discharge including all evidence he desired to submit, and such application has been denied. Furthermore, paragraph 6e, AR 635–20, provides that "an individual who applies for discharge and is confined as a result of courtmartial sentence to imprisonment in excess of 30 days must be transferred and assigned to a United States Army correctional holding detachment under the mandatory provisions of paragraph 5, AR 190–23." His pending application for discharge will be transferred to the gaining commander for appropriate action.

Petitioner's application for relief under habeas corpus must be denied as there is no custodian of the petitioner within this district. Petitioner's request for mandamus relief must likewise be denied, for that there is a remedy available to petitioner if asserted in the appropriate jurisdiction; in any case, the mandamus remedy cannot be used for the purpose of reviewing discretionary acts. Petitioner's additional

request that he be ordered returned to this district in order to force the Army to comply with the provisions of paragraph 6 of Army Regulation 635–20, which have been allegedly violated, must be denied for that petitioner has not exhausted his military remedies, and for the additional reason that the court is of the opinion that paragraph 6c is not applicable in the present case.

Therefore, it is ordered that the petitioner's application for habeas corpus and complaint be and the same are hereby dismissed.