Private Donald D. SILVERTHORNE, Jr.,
Petitioner,

v.

Melvin LAIRD, as Secretary of Defense,
et al., Respondents.

Civ. A. No. SA–71–CA–173.

United States District Court,
W. D. Texas,
San Antonio Division.

March 14, 1972.

Maury Maverick, Jr., Maverick & Tynan, San Antonio, Tex., for petitioner.

William Steele Sessions, U. S. Atty., by Henry Valdespino, Asst. U. S. Atty., San Antonio, Tex., for respondents.

## MEMORANDUM OPINION

JOHN H. WOOD, Jr., District Judge.

On the 26th day of August 1971, there came on to be considered the First Amended Petition for Writ of Habeas Corpus for the discharge of Petitioner, Private Donald D. Silverthorne, Jr., from the United States Army as a conscientious objector, and his Second Claim for Relief that he be discharged from the United States Army under Army Regulation 635–212 as being unsuitable for military service. On the same date there also came on for consideration Respondent's Motion to Strike Petitioner's Second Claim for Relief, amendment to which motion by the addition of a verification was allowed in open court.

Having examined all the pleadings and motions of the parties and the attachments thereto, the legal authorities and exhibits, as well as having considered the arguments of counsel, the Court found the petition to be without merit, there being a basis in fact for the Army's denial of petitioner's application for discharge as a conscientious objector. The Court further granted Respondent's Amended Motion to Strike Petitioner's Second Claim for Relief, holding the Court to be without jurisdiction of the subject matter. The Court's oral rulings of August 26, 1971 were confirmed by written order of September 17, 1971.

Petitioner Silverthorne was inducted into the United States Army on August 13, 1970. During basic combat training, petitioner applied for and during November 1970 he was granted classification as a Class 1–A–O conscientious objector (noncombatant soldier).

Thereafter on February 1, 1971, petitioner formally applied for discharge from the United States Army as a Class 1–0 conscientious objector under the provisions of Army Regulation 635–20. He was examined by a psychiatrist and found psychiatrically sound, as well as by a chaplain, who found his beliefs were sincerely held. Private Silverthorne waived his right to appear before a hearing officer.

The Conscientious Objector Review Board remanded petitioner's application for commentary by his immediate commander, and for proper processing under AR 635–20, as improper reasons were given by Colonel McCaleb's recommendation for discharge.

After a reconsideration of petitioner's application, Silverthorne's company commander again recommended approval, stating that despite petitioner's past radical connections he was still sincere in his conscientious objection. Colonel McCaleb's second statement reversed his earlier recommendation of approval and opined that Private Silverthorne was insincere based on the Statements of Personal History and Armed Forces Security Questionaires of January 14, 1971 and April 12 and 13, 1971.

Upon reconsideration of the application, the Army Conscientious Objector Review Board denied Private Silverthorne's application on May 24, 1971.

The Conscientious Objector Review Board cited other reasons in the record for denial of the application for discharge as a conscientious objector, such as:

1. Facts which cast doubt on the application;

2. Inconsistencies;

3. Disbelief based upon untrue statements; and

4. Insincerity in the application.

In referring to the Personal History Statements and Armed Forces Security Questionaires, the Board stated as follows:

"Because of the *inconsistencies* in the two personal history and security questionnaire documents submitted by applicant the Board must conclude that applicant was *less than truthful* . . . This also *casts great doubt* on the applicant's *integrity* and the depth of his religious, moral or ethical conviction." Emphasis supplied.

The Board referred to the insincerity of petitioner on several occasions. The Board stated in part as follows:

"Even if PVT Silverthorne's self-serving statements in his rebuttal made with the assistance of legal counsel were accepted, it must be concluded that he is *not completely truthful in filling out official statements.* In fact, it must be concluded, if his own statements are accepted, that *he has certified to a false statement* concerning his feelings about violence. Certainly, this in itself is enough to show that *applicant is insincere* in his claim for discharge." Emphasis supplied.

On June 10, 1971, Private Silverthorne filed his original petition for a writ of habeas corpus in this court alleging that the denial of his application for discharge was arbitrary, capricious, without basis in fact, and constituted a deprivation of his right to due process of law. Responding to the petition, this Court temporarily restrained the Army from removing Private Silverthorne from the jurisdiction of the Court and ordered respondents to appear on July 21, 1971, to produce at that time the Army's complete file pertaining to petitioner's request for discharge and show cause why the petition should not be granted and Private Silverthorne released from their custody and control.

Subsequent to the denial of his conscientious objector application, Private Silverthorne was sent by his company commander for psychiatric interview and evaluation by Major Joseph P. Lorio for possible elimination under the provisions of AR 635-212. Major Lorio recommended administrative separation from the Army as unsuitable for further military duty. No further steps were taken to discharge Private Silverthorne pursuant to this regulation.

I

The threshold determination to be made on petitioner's Second Claim for Relief is not whether Private Silverthorne in fact should be eliminated as unfit or unsuitable for military service, but rather whether he has any right to be discharged under Army Regulation 635-212, or in the alternative, whether respondents are bound to process petitioner for elimination because the psychiatrist so recommended.

█ This Court cannot so find. Private Silverthorne has no right to ask for discharge under the provisions of Army Regulation 635-212. The regulation does not permit an individual to "apply" for discharge as unfit or unsuitable. To the contrary, it is the unit commander who must *initially* decide to recommend disposition of a problem soldier under the regulation and must justify to higher authority why other disposition is not appropriate (Para. 10, 12a(3), (8), b, AR 635-212). He need not recommend elimination action and his discretion is not reviewable. Moreover, as the unit commander's recommendation is forwarded up the chain of command each higher commander must exercise his own *discretion* and has the authority to disapprove the unit commander's recommendation (Para. 13, 14, 15, AR 635-212).

█ Further it is clear from the provisions for an adversary proceeding and the protections afforded a soldier whose elimination is considered under Army Regulation 635-212 that the regulation is designed to enable the Army to purge

itself of undesirable and unproductive soldiers.[1]

It is clear to me from the foregoing that this regulation is not for the benefit of the individual soldier and is not designed to benefit those who consider themselves shirkers, apathetic and inept. Accordingly, such persons may not seek this court's aid by way of habeas corpus when the Army does not discharge them as such. See: Korte v. United States, 260 F.2d 633 (9 Cir. 1958) certiorari denied 358 U.S. 928, 79 S.Ct. 313, 3 L.Ed. 2d 301; Bjorson v. United States, 272 F.2d 244 (9th Cir. 1959); United States v. Palmer, 223 F.2d 893 (3d Cir. 1955).

As I have indicated the provisions of Army Regulation 635–212 discussed above make it readily apparent that the company commander is not bound to process an individual for discharge simply because a psychiatrist recommends it. It would be absurd to hold that the Army may not disregard a staff officer's recommendation regardless of the conclusions of the pertinent commanders. At least AR 635–212 does not so provide. The function assigned the psychiatrist by Army Regulation 635–212 is to advise commanders. The commander is charged with the ultimate decision.

▇▇▇ Accordingly, the petitioner having no *right* to request discharge and the Army no *duty* to follow Major Lorio's recommendation, judicial review is not available. Since this is a wholly discretionary function to be exercised by the military, and no right nor duty exists this Court is without jurisdiction to order the military to act in this matter.

▇▇▇ While not at issue here, it is worth noting that even if Private Silverthorne had a right to be considered for discharge under Army Regulation 635–212, this court's jurisdiction is limited to assuring that the regulation was followed. At most the court could, by mandamus, compel the company commander to exercise his discretion; it could not direct its exercise either for or against petitioner's discharge. Carter v. Seamans, 411 F.2d 767 (5 Cir. 1969); Feliciano v. Laird, 426 F.2d 424, 427 (2d Cir. 1970); Schmidt v. Laird, 328 F. Supp. 1009 (E.D.N.C.1971). The courts have no more expertise in deciding if a soldier is mentally fit for service than they do in deciding if they are physically fit. In the latter case it has already been held that courts are without jurisdiction to review the decisions of the Army. Weber v. Clifford, 289 F.Supp. 960 (D.Md.1968); Rank v. Gleszer, 288 F.Supp. 174 (D.Colo.1968).[2] This court would hold itself powerless to review a commander's decision as to whether a soldier is fit and suitable for continued military service. It is difficult to imagine a determination less appropriate for the courts or more appropriate for the Army.[3] ". . . Judges are not given

---

1. The comprehensive protections afforded individuals under Army Regulation 635–212 encompass the right to be apprised of the reason for the proposed discharge (Para 10a(1)); the right to a full hearing before a Board of Officers (Para 10a (1) (a); para 10a(b)); and the right to be represented throughout the procedure by counsel (para. 10a(c)); (Counsel meaning a Lawyer, para 16, AR 635–212). Further, while the rights may be waived, such waiver may be retracted at any time prior to direction or approval of discharge (para 10a(e)). It is also noteworthy that commanders are enjoined to attempt to rehabilitate soldiers after warning them that elimination under the regulation may become necessary. (Para 7, AR 635–212).

2. Both cases were cited with approval in Schwartz v. Franklin, 412 F.2d 736, 739 (9th Cir. 1969). See also: Byrne v. Resor, 412 F.2d 774 (3d Cir. 1969).

3. The court is aware of Allgood v. Kenan, 2 SSLR 3145 (N.D.Cal.1969) and believing it wrongly decided declines to follow that decision. The court is also aware of Patterson v. Stancliff, 330 F.Supp. 110 (D.Vermont 1971) and finds it distinguishable from the case at bar. Therein the Court was called upon to review the action of the final approving authority on a discharge recommended by the chain of command. In the case at bar the court is called upon to direct the military to initiate such procedures. While it is clear courts may direct the Army to fol-

the task of running the Army." Orloff v. Willoughby, 345 U.S. 83, 93–94, 73 S. Ct. 534, 540, 97 L.Ed. 842.

## II

For this First Claim for Relief petitioner sought to have this court find his retention by the Army illegal on the ground that the Army's denial of his application for discharge as a Class 1-O conscientious objector under Army Regulation 635–20 was arbitrary, capricious and without basis in fact and consequently a denial of due process of law.

■ After reviewing petitioner's application and its attachments, the court finds ample evidence that petitioner's application for discharge was properly denied by the Army.

This Court stated in Hackett v. Laird, 326 F.Supp. 1075 (W.D.Texas, 1971) ". . . that to believe a Petitioner would prepare his application in such form as to include 'hard, provable, reliable facts that provide a basis for disbelieving the claimant' (as required by Helwick v. Laird, 438 F.2d 959 (5th Cir., 1971) ) would be too cavalier for any sincere adversary's belief." However, the Petition of Private Silverthorne is such a case. Petitioner's declarations of willingness to use violent force when it served his ends made virtually simultaneously with his application for discharge as a Conscientious Objector belie the lamb-like portrayal of himself in the latter document. The contradictory statements support a finding by the Conscientious Objector Review Board that petitioner did not truly hold the alleged pacifistic convictions.

In the instant case, Petitioner bases his claim on moral and ethical convictions; i. e., a *Welsh* type of conscientious objection in which the applicant's conscience and principles are so compromised by military service and held with such depth that further service would give him no rest or peace. Welsh v.

United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). The Review Board found, on the record before it that Private Silverthorne lacked the "depth of conviction" required to qualify for discharge. Perhaps "lack of sincerity" and "lack of depth of conviction" are semantical distinctions without a difference. Certainly this Court has wrestled with the subjective ambiguities of these terms in several cases, *Hackett*, supra; Trombley v. Secretary of Defense (Laird), 330 F.Supp. 886, 887 (W.D. Tex., S.A.Div.1971); Jennings v. Laird, 333 F.Supp. 335, 337 (W.D.Tex., S.A.Div. 1971); Kurtz v. Laird, NO. SA71CA133 USDC WD Texas, 1971.

The four above-numbered reasons and facts in support thereof for denial of the application are shown in the Conscientious Objector Review Board's decision. These reasons and support in law are as follows: "Any fact which *casts doubt* upon the sincerity of the registrant's claimed belief is relevant. Witmer v. United States, supra, [348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428]; United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733, (1965)." Carson v. United States, 411 F.2d 631, 633, 5 Cir. 1969. "Actions or statements *inconsistent* with the claimed exemption can provide a basis in fact for denial thereof. Parrott v. United States, 370 F.2d 388 (9 Cir., 1966) cert. denied 387 U.S. 908, 87 S. Ct. 1960, 18 L.Ed.2d 625 (1967), . . ." Carson v. United States, supra, at page 633. The Conscientious Objector Review Board decision meets the requirements of United States ex rel. Sheldon v. O'Malley, 137 U.S.App.D. C. 141, 420 F.2d 1344, 1969, that "the record must contain some statement of *disbelief*." There is "affirmative evidence" to support this finding of disbelief. Kessler v. United States, 406 F.2d 151, at 156, 5 Cir. 1969; Batterton v. United States, 260 F.2d 233, 8 Cir. 1958 and United States v. Hesse, 417 F.2d 141, 8 Cir. 1969.

---

low its regulations, it is equally clear they may not direct that an action be

taken when such action is within the commander's discretion.

"Sincerity is sine qua non of every claim to conscientious objection." Application of Coryell, 307 F.Supp. 209, N.D.Cal.1969. Since the Board properly found petitioner to be *insincere* the threshold test has not been met so the court need go no further. Cohen v. Laird, 315 F.Supp. 1265, USDC S.Car., affirmed at 439 F.2d 886, 4 Cir. 1971; Gruca v. Secretary of Army, 141 U.S. App.D.C. 85, 436 F.2d 239, 1970.

In accord with the foregoing, Respondent's Amended Motion to Strike Petitioner's Second Claim for Relief is granted, and, Petitioner's First Claim for Relief being without merit, relief is denied and the petitioner dismissed.